FILED
U.S. DISTRICT COURT

2007 JAN 19  P 4: 36

DISTRICT OF UTAH

BY:_____
       DEPUTY CLERK

Scott M. Petersen, A7599
David N. Kelley, A9137
FABIAN & CLENDENIN,
  A Professional Corporation
Twelfth Floor
215 South State Street
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900

Attorneys for New York Life Insurance and Annuity Corporation

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| New York Life Insurance and Annuity Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Lonnie R. Stalsberg, in his capacity as Trustee of the Ralph O. Stalsberg Irrevocable Trust I; Ralph O. Stalsberg; LaSalle Bank National Association; and Coventry Capital I LLC,<br><br>    Defendants. | **COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION**<br><br>Judge Tena Campbell<br>DECK TYPE: Civil<br>DATE STAMP: 01/19/2007 @ 16:32:11<br>CASE NUMBER: 2:07CV00038 TC |

        Now comes New York Life Insurance and Annuity Corporation and for complaint alleges:

4811-2214-7585

## PARTIES AND JURISDICTION

1. Plaintiff New York Life Insurance and Annuity Corporation ("New York Life") is a Delaware Corporation with a place of business located at 51 Madison Avenue, New York, New York.

2. Defendant Lonnie R. Stalsberg is the trustee of the Ralph O. Stalsberg Irrevocable Life Insurance Trust I (the "Stalsberg ILIT"), with an address at 4205 Parkview Drive, Salt Lake City, Utah.

3. Defendant Ralph O. Stalsberg is a citizen of the State of Washington, residing at 170 Crest Drive, Ephrata, WA 98823.

4. Defendant LaSalle Bank National Association ("LaSalle") is a national bank authorized to do business in Utah with a principal place of business located at 135 S. LaSalle Street, Chicago, Illinois.

5. Defendant Coventry Capital I LLC ("Coventry") is a limited liability company with a place of business located at 7111 Valley Green Road, Fort Washington, PA 19034.

6. Coventry Capital is a member of the Coventry Group of companies, which engage in a variety of activities involving the financing and sale of life insurance polices.

7. The matter in controversy, exclusive of interests and costs, exceeds $75,000, and is between citizens of different states.

8. This court has jurisdiction pursuant to 28 U.S.C. § 1332.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) in that Defendant Lonnie R. Stalsberg resides in the State of Utah.

## THE APPLICATION

10. Ralph O. Stalsberg applied for and was issued a life insurance policy by New York Life, policy # 56 734 134 (the "Policy") on or about January 21, 2005, in the face amount of $3,570,000, insuring the life of Ralph O. Stalsberg, who was 82 years old at the date of issue.

11. According to the application submitted to New York Life, the Policy was to be owned by Lonnie R. Stalsberg, in his capacity as trustee of the Stalsberg ILIT ("Trustee Stalsberg"). The Stalsberg ILIT was also designated as the beneficiary of the Policy. Ralph O. Stalsberg signed the application as the applicant, and Trustee Stalsberg signed the application as owner.

12. Ralph O. Stalsberg and Trustee Stalsberg concealed from New York Life the fact that the Policy was in fact being purchased for the benefit of or sale to La Salle or a third party lacking an insurable interest in the life of the insured.

13. By an assignment dated February 11, 2005, without the knowledge or consent of New York Life, the Stalsberg ILIT assigned the Policy as collateral to LaSalle as security for a non-recourse loan to pay the premiums for the Policy. Upon information and belief, the Policy was in fact purchased as collateral for a loan provided by La Salle.

14. The Acceptance of Assignment on the assignment was signed by Krista Lake, purportedly as Senior Vice President of LaSalle.

15. Upon information and belief, Krista Lake is a Coventry employee.

16. Upon information and belief, at or about the time of the issuance of the Policy, the Stalsberg ILIT executed an irrevocable power of attorney appointing Coventry its attorney-in-fact with full powers to act in its name with respect to the Policy, including the sale of the Policy, all as contemplated by the loan transaction documents.

17. Upon information and belief, at or about the time of the issuance of the Policy, the insured gave Coventry an irrevocable durable power of attorney appointing Coventry his attorney-in-fact with full powers to act in his name for the purpose, among other things, of authorizing the release of his medical records and maintaining and selling the Policy.

18. By letter dated December 22, 2005, LaSalle submitted a transfer of ownership form and change of beneficiary request to New York Life, transferring ownership of the Policy to LaSalle and designating LaSalle as the beneficiary of the Policy.

19. LaSalle requests that, "as the new owner," all correspondence, billing notices and anniversary reports should be sent to LaSalle at 7111 Valley Green Road, Fort Washington, PA, the address for Coventry.

20. The letter further states that LaSalle would be the payor of the Policy.

21. La Salle has been paying the premiums for the Policy. Accordingly, La Salle is in fact the owner of the Policy. On information and belief, Coventry is holding the Policy in some type of policy account for the benefit of LaSalle.

22.     At the time New York Life issued the Policy, it believed that the policy transaction was initiated at the behest of the insured for the exclusive benefit of a person or persons having an insurable interest in the life of the insured.

23.     It has since come to the attention of New York Life, which therefore alleges, that the policy transaction was initiated at the behest and for the benefit of a person or entity lacking an insurable interest in the life of the insured.

24.     In a Bulletin dated July 10, 2006, the Utah Insurance Department (the "Department") declared that life insurance transactions like the transaction involved in this case violate Utah's insurable interest law as set forth in Utah Code Annotated 31A-21-104(1)(b). The Department stated:

> To determine if an insurable interest exists, the department will look at the entire transaction and will not limit its review to only that part of the transaction that relates to applying for the life insurance policy. Regarding the transactions that have been described to us, a third party initiates, arranges the transaction, and ultimately expects to receive the proceeds of the insurance policy. The third party has no insurable interest in the person insured because a lawful and substantial interest does not exist in having the life of the insured continue; in fact, there is a substantial interest in not having the life of the person continue.

25.     Looking at the entire transaction involved in this case, the Policy violates Utah's insurable interest law.

26.     New York Life tendered a full refund of the premiums paid on the Policy to LaSalle as the designated owner of the Policy. Said tender was refused.

## FIRST CAUSE OF ACTION
(Declaratory Judgment and Rescission)

27. New York Life realleges the allegations contained in paragraphs 1 through 26 as though fully set forth herein.

28. An actual controversy exists between New York Life on the one hand and Defendants on the other hand, which lies within the jurisdiction of this Court.

29. Ralph O. Stalsberg and Trustee Stalsberg made false representations in the application as to the owner of the Policy either intentionally or negligently to induce New York Life to issue the Policy. They made such representations with the intent that New York Life would rely on the representations that the intended owner and beneficiary of the Policy was the Stalsberg ILIT.

30. New York Life reasonably relied on the representations made in the application in approving the application and issuing the Policy.

31. At the time he applied for the Policy, Ralph O. Stalsberg had a duty to disclose to New York Life material information related to his application, including but not limited to information identifying a legitimate insurable interest.

32. Ralph O. Stalsberg knew that he did not have or did not expect to have an insurable interest in the subject of the insurance.

33. Ralph O. Stalsberg, and by virtue of signing the application, Trustee Stalsberg, had a duty to disclose this and other material facts to New York Life.

34. In violation of their duty to do so, Ralph O. Stalsberg and Trustee Stalsberg failed to communicate this information to New York Life.

35. Had New York Life known this information, it would not have issued the Policy to Trustee Stalsberg.

36. Accordingly, New York Life has appropriately rescinded the Policy.

37. Pursuant to 28 U.S.C. § 2201, New York Life seeks a declaration by the Court that:

    a. That New York Life appropriately rescinded the Policy based upon intentional or negligent misrepresentations and/or omissions, and upon the violation of Utah's insurable interest law, Utah Code Ann. § 31A-21-104;

    b. The Policy is rescinded, or otherwise null and void and of no further consequence;

    c. New York Life or its successors in interest, are not obligated in any respect to pay benefits to Defendants under the Policy;

    d. Neither Defendants nor anyone else is entitled to benefits under the Policy; and

    e. New York Life is entitled to equitable relief such as would return New York Life to the same position that existed before the issuance of the Policy plus applicable attorney fees and interest as may be provided for by law.

WHEREFORE, New York Life demands judgment;

    A.    Declaring that New York Life has no liability on the Policy and that the Policy is rescinded or otherwise void and of no consequence; and

    B.    Awarding attorney fees and costs associated with bringing this action as may be provided for by law; and

    C.    Awarding such other and further relief as the Court deems just and equitable.

DATED this 19th day of January 2007.

                                    Scott M. Petersen
                                    David N. Kelley
                                    FABIAN & CLENDENIN,
                                    A Professional Corporation
                                    Attorneys for New York Life

JS 44 (DUT) 2003

# CIVIL COVER SHEET
## VERSION FOR USE IN U.S. DISTRICT COURT FOR THE DISTRICT OF UTAH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS)

FILED
U.S. DISTRICT COURT
2007 JAN 19  P 4: 36
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

**I. (a) PLAINTIFF(s)** Please list and number each plaintiff
1. New York Life Insurance and Annuity Corporation
2.
3.
4.
5.
6.

**(c) ATTORNEY(s)** [Firm name, Address, Telephone and Fax Number(s)]
Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN
215 South State Street, Suite 1200
P.O. Box 510210
Salt Lake City, UT 84151

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** New York
(EXCEPT IN U.S. PLAINTIFF CASES)

**(a) DEFENDANT(s)** Please list and number each defendant
1. Lonnie R. Stalsberg, in his capacity as Trustee of the Ralph O. Stalsberg Irrevocable Trust I
2. Ralph O. Stalsberg
3. LaSalle Bank National Association
4. Coventry Capital I LLC
5.
6.

**(c) ATTORNEY(s)** [Firm name, Address, Telephone and Fax Number(s)]

**(b) COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Salt Lake

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | X 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | X 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- X 1 Original Proceeding
- ☐ 1 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify) _____
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory Relief

**VI. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

**DEMAND** $80,000 +

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES  X NO

Judge Tena Campbell
DECK TYPE: Civil
DATE STAMP: 01/19/2007 @ 16:32:11
CASE NUMBER: 2:07CV00038  TC

| VII. | RELATED CASE(S) (See Instructions): IF ANY | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| X 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med. Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 68 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influence and Corrupt Organizations<br>☐ 810 Selective Services<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 555 Prison Condition | | | |

## IX. STATE COURT REMOVALS:

**(a)** List any parties which are no longer pending:




**(b)** List any pending motions and date filed. If responses or replies have been filed, indicate the date filed.

| MOTION/DATE FILED | RESPONSE/DATE FILED | REPLY/DATE FILED |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

| DATE 1/19/07 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 (DUT) 2003

ND: 4833-5625-0113, Ver 1