Scott M. Petersen, A7599
David N. Kelley, A9137
FABIAN & CLENDENIN,
 A Professional Corporation
Twelfth Floor
215 South State Street
P.O. Box 510210
Salt Lake City, Utah  84151
Telephone:  (801) 531-8900

Attorneys for New York Life Insurance and Annuity Corporation

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| New York Life Insurance and Annuity Corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>Lonnie R. Stalsberg, in his capacity as Trustee of the Ralph O. Stalsberg Irrevocable Trust I; and Ralph O. Stalsberg,<br><br>            Defendants. | **FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION**<br><br>Case No. 2:07CV00038 TC<br><br>Judge Tena Campbell |

Now comes New York Life Insurance and Annuity Corporation and for complaint alleges:

## NATURE OF THE CASE

1.	This action concerns an unlawful scheme under which an insurance policy is purchased with the intent that its proceeds will benefit persons who have absolutely no interest in truly "insuring" the life of the insured person. The intended beneficiaries of the life insurance policy that was issued in this case are one or more financial investors who do not have any pre-existing emotional or economic relationship with the person whose life is being insured. Instead, the intent is for those financial investors to acquire the policy with one interest only: to obtain a financial windfall when the insured person dies.

2.	For over a century, state laws throughout this country have prohibited these kinds of transactions. It is the long-established law of Utah and all other states that life insurance policies may not be purchased for the benefit of persons who do not have an "insurable interest." Utah Code Ann. § 31A-21-104(1)(b). An insurable interest is defined as an emotional or economic interest in prolonging the life of the insured person – such as a family member or business partner. By contrast, a person who has no pre-existing emotional or economic relationship with the insured person does not have an insurable interest. Thus, it is illegal for insurance policies to be purchased for the benefit of a pure financial investor whose only interest is to profit when the insured person dies – and who therefore has only one interest: that the insured person die as soon as possible, so that the investor's profits can be as large as possible, received as quickly as possible.

3. In this case, an insurance policy insuring the life of Mr. Ralph Stalsberg was issued to an irrevocable trust established by Mr. Stalsberg. The trust was the named beneficiary of the Policy, and the owner of the policy was the trustee of that trust, Mr. Stalsberg's son. On its face, the transaction looked like an ordinary life insurance transaction. However, it was subsequently discovered that the transaction was executed pursuant to a scheme under which the intent from the very beginning was to transfer the Policy to outside investors who had no insurable interest in the life of the insured. This renders the issuance of the policy voidable under Utah law. Thus, New York Life Insurance and Annuity Corporation ("New York Life") is entitled to rescind the Policy. New York Life will not profit from this rescission: it has already sent a check in the full amount of all of the premiums that were paid to New York Life under the policy, with interest. Mr. Stalsberg rejected the tender of those premiums and that rescission. Therefore, New York Life brings this action to enforce its rescission of the Policy.

## PARTIES AND JURISDICTION

4. Plaintiff New York Life is a Delaware Corporation with a place of business located at 51 Madison Avenue, New York, New York.

5. Defendant Lonnie R. Stalsberg is the trustee of the Ralph O. Stalsberg Irrevocable Life Insurance Trust I (the "Stalsberg ILIT"), with an address at 4205 Parkview Drive, Salt Lake City, Utah.

6. Defendant Ralph O. Stalsberg is a citizen of the State of Washington, residing at 170 Crest Drive, Ephrata, WA 98823.

7. The matter in controversy, exclusive of interests and costs, exceeds $75,000, and is between citizens of different states.

8. This court has jurisdiction pursuant to 28 U.S.C. § 1332.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) in that Defendant Lonnie R. Stalsberg resides in the State of Utah.

## THE APPLICATION

10. Ralph O. Stalsberg applied for and was issued a life insurance policy by New York Life, policy # 56 734 134 (the "Policy") on or about January 21, 2005, in the face amount of $3,570,000, insuring the life of Ralph O. Stalsberg, who was 82 years old at the date of issue.

11. According to the application submitted to New York Life, the Policy was to be owned by Lonnie R. Stalsberg, in his capacity as trustee of the Stalsberg ILIT ("Trustee Stalsberg").  The Stalsberg ILIT was also designated as the beneficiary of the Policy.  Ralph O. Stalsberg signed the application as the applicant, and Trustee Stalsberg signed the application as owner.

12. Ralph O. Stalsberg and Trustee Stalsberg concealed from New York Life the fact that the Policy was in fact being purchased for the benefit of or sale to a third party lacking an insurable interest in the life of the insured.

13. By an assignment dated February 11, 2005, the Stalsberg ILIT assigned the Policy as collateral to a third party bank, LaSalle Bank National Association ("LaSalle") as security for

a non-recourse loan to pay the premiums for the Policy.  Upon information and belief, the Stalsbergs never intended to pay any premiums for this Policy using their own funds.

14. The Acceptance of Assignment on the assignment was signed by Krista Lake, purportedly as Senior Vice President of LaSalle.

15. Upon information and belief, Krista Lake is an employee of Coventry Capital I LLC ("Coventry").

16. Upon information and belief, at or about the time of the issuance of the Policy, the Stalsberg ILIT executed an irrevocable power of attorney appointing Coventry its attorney-in-fact with full powers to act in its name with respect to the Policy, including the sale of the Policy, all as contemplated by the loan transaction documents.

17. Upon information and belief, at or about the time of the issuance of the Policy, the insured gave Coventry an irrevocable durable power of attorney appointing Coventry his attorney-in-fact with full powers to act in his name for the purpose, among other things, of authorizing the release of his medical records and maintaining and selling the Policy.

18. By letter dated December 22, 2005, LaSalle submitted a transfer of ownership form and change of beneficiary request to New York Life, purportedly transferring ownership of the Policy to LaSalle and purportedly designating LaSalle as the owner and beneficiary of the Policy.

19. The letter further states that LaSalle would be the payor of the Policy.

20.     LaSalle has been paying the premiums for the Policy.  On information and belief, the Policy is being held in some type of policy account as security for a loan.

21.     LaSalle and Coventry have subsequently taken the position that LaSalle's "ownership" of the Policy is merely the perfection of a security interest that LaSalle has as a lender that financed the payment of the premiums on the Policy.  Upon information and belief, Coventry is acting as a servicing agent for LaSalle's loan to the Stalsbergs.

22.     At the time New York Life issued the Policy, it believed that the policy transaction was initiated at the behest of the insured for the exclusive benefit of a person or persons having an insurable interest in the life of the insured.

23.     It has since come to the attention of New York Life that the Policy transaction was initiated at the behest and for the benefit of one or more persons or entities lacking an insurable interest in the life of the insured.

24.     The loan documents between LaSalle and the Stalsbergs indicate that the financing provided by LaSalle was on a nonrecourse basis, and was secured solely by the Policy.  In addition, those documents indicate that the loan is subject to an effective annual interest rate of at least 15.44%.

25.     LaSalle's loan to the Stalsbergs matures on June 21, 2007, shortly after the two year contestability period in the Policy was scheduled to expire.

26. The loan from LaSalle to the Stalsbergs also was used for the acquisition of a $2 million life insurance policy issued by Indianapolis Life Insurance Company, which, unknown to New York Life, was issued at or around the same time as the New York Life Policy.

27. Upon information and belief, the Stalsbergs never intended to repay the loan to LaSalle and keep the Policy, but instead intended for the loan to be repaid through the transfer of the Policy to LaSalle or through the sale of the Policy to another financial entity with no insurable interest in Ralph Stalsberg.

28. As of the time the Policy was first issued, the economic substance of the transaction was for the Policy's proceeds to be paid to one or more persons who have no insurable interest in Ralph Stalsberg.

29. In a Bulletin dated July 10, 2006, the Utah Insurance Department (the "Department") declared that life insurance transactions like the transaction involved in this case violate Utah's insurable interest law as set forth in Utah Code Annotated 31A-21-104(1)(b). The Department stated:

> To determine if an insurable interest exists, the department will look at the entire transaction and will not limit its review to only that part of the transaction that relates to applying for the life insurance policy. Regarding the transactions that have been described to us, a third party initiates, arranges the transaction, and ultimately expects to receive the proceeds of the insurance policy. The third party has no insurable interest in the person insured because a lawful and substantial interest does not exist in having the life of the insured continue; in fact, there is a substantial interest in not having the life of the person continue.

4849-3156-0705

30. Looking at the entire transaction involved in this case, the Policy violates Utah's insurable interest law.

31. New York Life has tendered a full refund of the premiums paid on the Policy.

32. In a letter dated January 24, 2007, Coventry sent a letter to New York Life that rejected that tender on behalf of both Ralph Stalsberg and Lonnie Stalsberg as trustee for the Stalsberg ILIT.

## COUNT I
(Declaratory Judgment and Rescission)

33. New York Life realleges the foregoing allegations as though fully set forth herein.

34. An actual controversy exists between New York Life on the one hand and Defendants on the other hand, which lies within the jurisdiction of this Court.

35. The Policy lacks an insurable interest and is voidable under Utah law. New York Life is therefore entitled to rescind the Policy, and has properly rescinded the Policy.

36. Ralph O. Stalsberg and Trustee Stalsberg made false representations in the application as to the true owner and intended beneficiaries of the Policy either intentionally or negligently to induce New York Life to issue the Policy. They made such representations with the intent that New York Life would rely on the representations that the intended owner and beneficiary of the Policy was the Stalsberg ILIT.

37. New York Life reasonably relied on the representations made in the application in approving the application and issuing the Policy.

38. At the time they applied for the Policy, Ralph O. Stalsberg and Trustee Stalsberg had a duty to disclose to New York Life material information related to his application, including but not limited to information identifying a legitimate insurable interest.

39. Ralph O. Stalsberg and Trustee Stalsberg knew or should have known that the intended owner and intended beneficiaries of the Policy did not have an insurable interest in the subject of the insurance.

40. Ralph O. Stalsberg, and by virtue of signing the application, Trustee Stalsberg, had a duty to disclose this and other material facts to New York Life.

41. In violation of their duty to do so, Ralph O. Stalsberg and Trustee Stalsberg failed to communicate this information to New York Life.

42. Had New York Life known this information, it would not have issued the Policy to Trustee Stalsberg.

43. Accordingly, New York Life has appropriately rescinded the Policy.

44. New York Life is entitled to bring this action to enforce its rescission based upon New York Life's right to rescind all policies issued in violation of the insurable interest rule set forth in Utah Code Ann. § 31A-21-104(1)(b), and based upon the Stalsberg's negligent or intentional misrepresentations and fraudulent inducements of New York Life.

45. Pursuant to 28 U.S.C. § 2201, New York Life seeks a declaration by the Court that:

    a. New York Life appropriately rescinded the Policy based upon the

          violation of Utah's insurable interest law, Utah Code Ann. § 31A-21-104;

b.    New York Life appropriately rescinded the Policy based upon intentional or negligent misrepresentations and/or omissions, and upon

c.    The Policy is rescinded, or otherwise null and void and of no further consequence;

d.    New York Life or its successors in interest, are not obligated in any respect to pay benefits to Defendants or any other person under the Policy;

e.    Neither Defendants nor anyone else is entitled to benefits under the Policy; and

f.    New York Life is entitled to equitable relief such as would return New York Life to the same position that existed before the issuance of the Policy plus applicable attorney fees and interest as may be provided for by law.

WHEREFORE, New York Life demands judgment;

A. Declaring that New York Life has no liability on the Policy and that the Policy is rescinded or otherwise void and of no consequence; and

B. Awarding attorney fees and costs associated with bringing this action as may be provided for by law; and

C. Awarding such other and further relief as the Court deems just and equitable.

DATED this 16th day of February 2007.

/s/ David N. Kelley_____
Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN,
 A Professional Corporation
Attorneys for New York Life

4849-3156-0705